[No. C048636. Third Dist. Oct. 17, 2005.]

In re NANCY C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
NANCY C., Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

## COUNSEL

Tim Warriner, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Wanda Hill Rouzan and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—In the Yolo County Juvenile Court, Nancy C., 14 years of age, admitted a felony charge of unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)) in exchange for the dismissal of a charge of obstructing a peace officer in the performance of the officer's duties. The matter was then transferred to Sacramento County, the residence of the minor's mother, for disposition.

The Sacramento County Juvenile Court, having accepted the transfer, declared the minor a ward of the court, found her maximum period of confinement to be three years, and ordered her committed to the Youth Center and then to the custody of her mother. Over the minor's objection, the court also ordered the minor to provide samples for the DNA data bank in accordance with Penal Code[1] section 296.

On appeal, the minor argues: (1) remand is required because the juvenile court failed to declare whether the violation of Vehicle Code section 10851, subdivision (a), a wobbler, was a felony or misdemeanor; (2) we should stay the court's order requiring the minor to provide DNA samples pending the court's determination of the felony/misdemeanor status of her offense; and (3) she is entitled to an additional nine days of custody credit.

### DISCUSSION

### I*

*Designation of a Felony or Misdemeanor*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*See footnote, *ante*, page 508.

## II

### DNA Sample Requirement

The minor requests that we stay the juvenile court's order requiring her to give body samples for the DNA data bank pending the juvenile court's determination of whether her offense was a misdemeanor or felony. We should do so, she argues, because the statute under which the samples were ordered, section 296, subdivision (a)(1) (hereafter section 296(a)(1)), does not apply to misdemeanors.

The People oppose the minor's request, claiming: (1) the court had declared the offense a felony; and (2) section 296(a)(1) applies to the minor irrespective of whether the court declares her offense to be a misdemeanor. We rejected the People's first claim under part I of the Discussion, and we conclude the minor has the better argument regarding the meaning of the statute.

As applicable in the present case, section 296, subdivision (a) requires body samples from "(1) Any person, including any juvenile, who is convicted of or pleads guilty or no contest to any felony offense . . . or any juvenile who is adjudicated under Section 602 of the Welfare and Institutions Code for committing any felony offense."[2]

Relying on *Coffey v. Superior Court* (2005) 129 Cal.App.4th 809 [29 Cal.Rptr.3d 59], the People argue the minor comes within section 296(a)(1) because "[c]onviction, for purposes of DNA collection, occurs at the time of the felony plea or verdict." While *Coffey* does so hold, it is not on point because its analysis was based on section 296(a)(1) before that section was rewritten by Proposition 69, adopted in the General Election of November 3, 2004.

At the time of defendant Coffey's plea and sentencing, section 296(a)(1) read: " 'Any person who is convicted of [a qualifying offense] . . . shall, regardless of sentence imposed or disposition rendered, be required to provide [specified body samples] for law enforcement identification analysis.' " (*Coffey v. Superior Court, supra,* 129 Cal.App.4th at p. 814.) Juveniles were simply not included in this section.

■ As it presently reads, section 296(a)(1) divides juveniles into two categories—(1) those who are unfit for juvenile court and therefore, are

---

[2] This version of section 296 became effective November 3, 2004, which was approximately one month before the juvenile court's order. (Amended by initiative (Prop. 69) at the Nov. 2, 2004, Gen. Elec.)

prosecuted in adult court, and (2) those who are processed through the juvenile court, specifically, "any juvenile who is adjudicated under Section 602 of the Welfare and Institutions Code for committing a felony offense."

▪ Any attempt to place the minor in the first category would run afoul of the established rule of statutory construction that a " 'specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.' " (*San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147].)

▪ Additionally, a minor's admission of a wobbler offense charged as a felony is not an "adjudication" of the misdemeanor or felony status of that offense. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1201, 1208 [60 Cal.Rptr.2d 889, 930 P.2d 1255].) That determination is to be made by the juvenile court in the course of the proceedings. (*Id.* at pp. 1207–1208; Welf. & Inst. Code, § 702.)

▪ Finally, the first category of section 296, subdivision (a)(1) requires body samples for any adult or juvenile who is convicted, pleads guilty, or pleads no contest. If the Legislature had meant this category to apply to adjudications under Welfare and Institutions Code section 602 , the second category would be rendered utter surplusage, a construction to be avoided if possible. (See *Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 22 [56 Cal.Rptr.2d 706, 923 P.2d 1] ["Courts should give meaning to every word of a statute if possible, and should avoid a construction making any word surplusage"].)

▪ Consequently, if the court on remand declares the minor's offense to be a misdemeanor, it should strike its order requiring the minor to provide physical body samples pursuant to section 296(a)(1), and if such samples have already been collected, the minor may seek relief pursuant to the expungement procedure provided by section 299.

III*

*Custody Credit*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 508.

## DISPOSITION

The matter is remanded to the juvenile court for further proceedings in accordance with this opinion.

Nicholson, Acting P. J., and Raye, J., concurred.