Filed 11/8/13  In re E.G. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **In re E.G., a Person Coming Under the Juvenile Court Law.** | |
| **THE PEOPLE,** | |
| **Plaintiff and Respondent,** | **A138253** |
| **v.** | |
| **E.G.,** | **(Contra Costa County Super. Ct. No. J13-00091)** |
| **Defendant and Appellant.** | |

E.G. appeals from an order declaring him a ward of the juvenile court and placing him on probation after he pled no contest to allegations he had committed battery causing serious bodily injury and grand theft from the person of another.  (Welf. & Inst. Code, § 602; Pen. Code, §§ 243, subd. (d), 487, subd. (c); Cal. Rules of Court, rule 5.778(e).)  We reject his challenge to gang-related probation conditions imposed by the court, but agree the case must be remanded so the court can determine whether the commitment offenses should be declared felonies or misdemeanors.

BACKGROUND[1]

On January 10, 2013, 16-year-old appellant took his father's truck without permission and was driving with a friend Miguel G. in Pittsburg.  They stopped the truck

---

[1] Due to appellant's plea, our description of the underlying facts is taken primarily from the probation report.

and chased 17-year-old Mario R., who was walking down the street. When they caught up to Mario, they demanded his shoes and punched him repeatedly, causing him to fall against a fence and break his arm. The attack continued while Mario was on the ground, until Miguel took one of Mario's shoes and he and appellant fled. Mario walked toward his home, crying and in pain, until emergency personnel arrived.

Police officers went to appellant's home about a week later and located Mario's stolen shoe in appellant's mother's car. During a search of appellant's bedroom, photographs were found indicating appellant and Miguel were involved in the "Hello Kitty Gang." The officers also discovered photographs of appellant and Miguel displaying hand signals, and photographs of hand signals in front of guns displayed on a bed. Live ammunition was found in a backpack in appellant's room. Appellant's father explained he and his son were both licensed and trained hunters.

After being read his rights under *Miranda v. Arizona* (1966) 384 U.S. 436, appellant told the police he had been driving his father's truck and followed Mario to a nearby parking lot. He admitted assaulting Mario, though he noted Miguel had assaulted him first and had taken the shoe. Appellant said the guns in the photographs were used by him and his father for hunting and that he and Miguel were the only members of the Hello Kitty Gang.

A juvenile wardship petition was filed alleging appellant had committed a second degree robbery and assault by means of force likely to cause great bodily injury. (Pen. Code, §§ 211, 212.5, subd. (c), 245, subd. (a)(4).) The petition was amended to add counts of battery causing serious bodily injury and grand theft from the person of another. (Pen. Code, §§ 243, subd. (d), 487, subd. (c).) Appellant entered a no contest plea to these new allegations and the robbery and assault counts were dismissed.

The probation report prepared for the dispositional hearing noted appellant had "explained the 'Hello Kitty Gang' as something that he and the co-defendant started as a way of meeting girls. [Appellant] said they wore clothing and jewelry with the pink logo, and invented a hand sign. He said it is not a 'serious' gang affiliation; they are not involved in criminal activity." Appellant told the probation officer he had known Mario

2

from previous conflicts and blamed him for "disrespecting" appellant's cousin. According to the report, appellant had "begun to delve into the amateur gang lifestyle[.]" Gang conditions were recommended as part of the probation order, as was a nine-month commitment to the Orin Allen Youth Rehabilitation Facility. The court placed appellant on probation on the terms recommended. It set the maximum period of confinement at four years, eight months and ordered appellant to provide "a collection of specimen samples and print impressions" under Penal Code section 296.1.

## DISCUSSION

### I. *Gang Terms as Condition of Probation*

Appellant challenges four of the gang conditions as unreasonable, arguing the commitment offenses were not gang-related and there was no evidence he was at risk of becoming involved in a gang.[2] We disagree.

Welfare and Institutions Code section 730, subdivision (b) empowers a juvenile court to "impose and require any and all reasonable conditions [of probation] that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." "In fashioning the conditions of probation, the juvenile court should consider the minor's entire social history in addition to the circumstances of the crime." (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.) "A condition of probation which is impermissible for an adult criminal defendant is not

---

[2] The four gang conditions challenged by appellant are: (1) "The minor shall not associate with anyone known to the minor to be a gang member or associated with a gang, or anyone who the Probation Officer informs the minor to be a gang member or associated with a gang." (2) "The minor shall not . . . visit or remain in any specific location known by the minor to be, or that [the] Probation [Officer] informs the minor to be an area of gang activity." (3) "The minor shall not knowingly possess, display, or wear insignia, clothing logos, emblems, badges or buttons or display any gang signs or gestures that minor knows to be or that the Probation Officer informs the minor to be gang-related." (4) "The minor shall not post, display, or transmit on or through any cell phone any symbols or information that the minor knows to be, or the Probation Officer informs the minor to be gang-related." The probation order further specified, "For the purposes of these probation conditions, the words 'gang' and 'gang-related' mean a 'criminal street gang' as defined in [P]enal [C]ode section 186.22[,] subdivision[] (f)."

necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*In re Todd L.* (1980) 113 Cal.App.3d 14, 19.)

The juvenile court's power to set probation conditions is broad, so that it can serve its function of rehabilitating wards and furthering the goals of the juvenile court system. (*In re R.V.* (2009) 171 Cal.App.4th 239, 246 (*R.V.*).) A condition of probation will not be held invalid unless (1) it has no relationship to the crime for which the juvenile was adjudicated a ward; (2) it relates to conduct that is not itself criminal; and (3) it requires or forbids conduct that is not related to future criminality. (*Ibid.*) "Where a court entertains genuine concerns that the minor is in danger of falling under the influence of a street gang, an order directing a minor to refrain from gang association is a reasonable preventive measure in avoiding future criminality and setting the minor on a productive course." (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1502; disapproved on other grounds in *In re Sade C.* (1996) 13 Cal.4th 952, 962, fn. 2.) The minor need not actually have joined a gang for the condition to be reasonable, as there is "no logical or beneficial reason to require a court to wait until a minor has become entrenched with a gang, only then to apply mere prophylactic remedies." (*Id.* at p. 1501.) Even the minor's current connection to a gang is not critical in determining whether gang conditions are appropriate. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.)

Appellant argues gang conditions were unreasonable because his attack upon Mario was not gang-related and the only evidence concerning the nature of the Hello Kitty Gang was his claim that Hello Kitty was comprised of only two individuals who were trying to meet girls. The juvenile court did not believe his explanation: "Well, it's not accurate that there's no evidence [to support the gang conditions]. On Page 7, line 13 [of the probation report], the minor said it's quote 'not a serious gang affiliation.' There is some evidence. He gave his interpretation of what he meant by 'Hello Kitty Gang,' but he also said it 'was not a serious gang affiliation.' So I read that to mean it is a gang affiliation but it's not serious, if I believe his statement of what it actually is." The court additionally stated, "I think there's more than enough evidence here to suggest that he is in a gang, that Hello Kitty is not just a way of meeting girls. I don't accept that

4

explanation at all. I think with the photographs, as well, there's some – clearly a link to between gangs and firearms and I think that link is here."

We review the gang conditions in this case under the deferential abuse of discretion standard, under which reversal is appropriate only if the court's order was arbitrary, capricious or exceeds the bounds of reason. (*R.V.*, *supra*, 171 Cal.App.4th at p. 246; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) The court in this case did not abuse its discretion. Even if the Hello Kitty Gang did not meet the statutory requirements for a criminal street gang, appellant's emulation of gang behavior -- throwing gang signs in front of firearms, taking photographs to memorialize such conduct -- shows he was at risk of traveling down a path leading to gang involvement. We stress that this is not merely a situation in which law-abiding teen is drawn to the music, clothing styles or slang of gang culture. Here, appellant participated in a violent two-on-one attack of another youth, having characterized his affiliation with his cohort in that attack as a "gang." He admittedly had access to guns in his household and had glamorized those weapons in photographs evoking gang memorabilia. The juvenile court could reasonably conclude gang conditions were necessary to limit appellant's association with individuals and organizations likely to encourage future criminal conduct.

II. *Declaration that Offenses were Misdemeanors or Felonies*

Appellant argues the case must be remanded so the court can expressly determine whether his two commitment offenses were misdemeanors or felonies. The Attorney General agrees.

Welfare and Institutions Code section 702 states, in relevant part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." This statute imposes a mandatory duty on the juvenile court to make the requisite declaration when disposing of so-called "wobbler" offenses. (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*); see Pen. Code, § 17.) Appellant's two commitment offenses, battery with serious bodily injury and grand theft person, are wobblers alternatively punishable as a misdemeanor or felony. (Pen. Code, §§ 243, subd.

5

(d); 487, subd. (c), 489, subd. (b); 1170, subd. (h); *People v. Wilkinson* (2004) 33 Cal.4th 821, 830-831; *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 70.)

The juvenile court in this case did not make an explicit determination as to whether the commitment offenses would have been misdemeanors or felonies if committed by an adult.  We cannot infer such a determination from the amended juvenile petition, the minute order, or the court's setting of a felony-level period of confinement. (*Manzy W.*, *supra*, 14 Cal.4th at pp. 1208-1209.)  Because the record does not demonstrate the court was aware of and exercised its discretion to determine the misdemeanor or felony nature of the offenses, remand is required for this purpose, at which time the court must recalculate appellant's maximum period of confinement, if necessary.  (*Id*. at p. 1209-1211.)  Pending remand, the order requiring appellant to provide physical body samples and print impressions is stayed, as such samples are not required for appellant's commitment offenses if they are declared misdemeanors.  (*In re Nancy C.* (2005) 133 Cal.App.4th 508, 511-512.)

## DISPOSITION

The matter is remanded to the juvenile court for further proceedings in accordance with this opinion.

_____

Needham, J.

We concur:

_____

Simons, Acting P.J.

_____

Bruiniers, J.

6