Filed 1/17/14  In re Alejandro S. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Alejandro S., a Person Coming Under the Juvenile Court Law. | H039497<br>(Santa Clara County<br> Super. Ct. No. JV38867) |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>        v.<br><br>Alejandro S.,<br><br>     Defendant and Appellant. | |

In January 2012, a petition was filed alleging that Alejandro S., a minor (16 years old at the time of the petition's filing), came within the provisions of Welfare and Institutions Code section 602.  The petition charged the minor with having committed an offense that if committed by an adult would have constituted a felony, namely, possession of a weapon on school grounds (Pen. Code, § 626.10, subd. (a)(1)).[1]  The minor admitted the charge alleged, the court sustained the petition, and it adjudged the minor to be eligible for deferred entry of judgment.  After the minor failed to comply with the terms of the deferred entry of judgment program, the court declared him a ward of the court and placed him on probation under various terms and conditions.

_____

[1] All further statutory references are to the Penal Code unless otherwise stated.

The minor asserts three claims of error on appeal. He contends the court erred by failing to make an express finding as to whether the offense charged under section 626.10, subdivision (a)(1) was a felony or a misdemeanor. Secondly, he argues that a probation condition prohibiting gang activity is vague and overly broad. Third, he asserts that the court erred in ordering him to reimburse the Public Defender's Office for its representation of him in the proceedings.

We conclude—noting that the Attorney General concedes error—that each of the minor's claims has merit. We will accordingly reverse the dispositional order, remand the case, and instruct the court to (1) make an express finding as to whether the charged offense was a felony or a misdemeanor; (2) modify the first clause of probation condition number 17 to provide that the minor shall not *knowingly* engage in gang activity; and (3) clarify that the minor shall not be personally responsible for reimbursement of attorney fees.

## FACTS[2]

At approximately 3:10 in the afternoon on October 5, 2011, a San José police officer, who was working as a campus officer, observed the minor enter the Piedmont Hills High School campus. Because the officer did not recognize the minor as a student of the school, he contacted the minor and confirmed he was not a Piedmont Hills student. The officer further observed that the minor was trying to conceal something inside his jacket, keeping his left arm pinned against his body. He conducted a patsearch of the minor for officer safety reasons; while doing so, a 25-inch metal rod fell out of the left side of the interior of the minor's jacket. During a further search, the officer found a Swiss Army knife that had a two and one-fourth inch blade that locked into position. The minor was cited by the officer and then released.

---

[2] The facts are taken from a "Deferred Entry of Judgment Suitability Report" prepared by the Santa Clara County Probation Department.

During a subsequent interview by a probation officer, the minor admitted to having carried the metal rod and the folding knife, saying that "he had been carrying them in case anybody started 'something.' "  The minor also admitted that he had associated with members of the " 'VNL' " Norteño gang, but denied that he had ever been " 'jumped' into a gang."  The minor also admitted to the probation officer that he smoked marijuana twice a week and occasionally consumed alcohol.

PROCEDURAL BACKGROUND

On January 13, 2012, the Santa Clara County District Attorney filed a petition under Welfare and Institutions Code section 602, subdivision (a) with the juvenile court below.  In the petition, the People alleged that the minor had committed an offense that if committed by an adult would be a crime, namely, possession of a weapon on school grounds, a felony (§ 626.10, subd. (a)(1)).

On April 25, 2012, the minor admitted the allegations of the petition.  The court sustained the petition, and adjudged the minor to be eligible for deferred entry of judgment.[3]

The minor thereafter failed to comply with the terms of his deferred entry of judgment program and, on February 4, 2013, the court made a finding of such noncompliance and ordered the minor into custody.  On March 13, 2013, the court ordered that the minor be released on an electronic monitoring program.  On March 27, 2013, the minor was declared a ward of the court and placed on probation.  A number of conditions were imposed by the court in connection with the probation order.  One such condition was "[t]hat said minor not participate in any gang activity."

---

[3] The court indicated initially that it would follow the Probation Department's recommendation and find the minor unsuitable for the Deferred Entry of Judgment program.  After further discussion at the hearing, the court indicated it would permit the minor to enter the program under a "zero tolerance" admonition that any violation of the terms imposed upon him would result in the revocation of his eligibility for the program.

The minor filed a timely notice of appeal from the probation order.

DISCUSSION

I.    *Determination of Whether Charged Offense Was Felony or Misdemeanor*

The minor was charged with having committed the offense prohibited by section 626.10, subdivision (a)(1). Pursuant to the express language of the statute, the offense, if committed by an adult, constitutes a crime that is punishable as either a felony or a misdemeanor.[4] As such, the offense is a "wobbler."[5]

The minor argues on appeal that when the court accepted the minor's admission and found the allegation in the petition true, it erred by failing to indicate on the record whether the charged offense was a felony or a misdemeanor. The Attorney General concedes the error.

We accept the Attorney General's concession. Under Welfare and Institutions Code section 702, the juvenile court is required to make a determination of whether the wobbler offense charged is a felony or a misdemeanor.[6] As explained by our high court:

---

[4] "Any person, [subject to exceptions inapplicable in this case] . . . , who brings or possesses any dirk, dagger, ice pick, knife having a blade longer than 2 1/2 inches, folding knife with a blade that locks into place, razor with an unguarded blade, taser, or stun gun, as defined in subdivision (a) of Section 244.5, any instrument that expels a metallic projectile, such as a BB or a pellet, through the force of air pressure, CO2 pressure, or spring action, or any spot marker gun, upon the grounds of, or within, any public or private school providing instruction in kindergarten or any of grades 1 to 12, inclusive, is guilty of a public offense, punishable by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of Section 1170." (§ 626.10, subd. (a)(1).)

[5] "An alternative felony/misdemeanor, also known as a 'wobbler' is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under Penal Code section 17, subdivision (b). [Citation.]" (*People v. Statum* (2002) 28 Cal.4th 682, 685.)

[6] "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702; see also Cal.

(*Cont.*)

"The language of the provision is unambiguous.  It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult."  (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204.)  As the court explained, "the purpose of the statute is not solely administrative. . . . [T]he requirement that the juvenile court declare whether a so-called 'wobbler' offense was a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702."  (*Id.* at p. 1207.)  Therefore, the juvenile court's failure to make an express declaration under the statute constitutes error which required that the matter be remanded for the court to make such a determination.  (*Id.* at p. 1204.)

Here, the petition alleged that the offense under section 626.10, subdivision (a)(1) was a felony, the minor admitted the allegation, and the dispositional order indicates the offense as a felony.  These facts are insufficient to show compliance with Welfare and Institutions Code section 702.  (See *In re Manzy W.*, *supra*, 14 Cal.4th at p. 1208 [petition's allegation that offense is a felony is no "substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony"]; see also *In re Nancy C.* (2005) 133 Cal.App.4th 508, 512 ["a minor's admission of a wobbler offense charged as a felony is not an 'adjudication' of the misdemeanor or felony status of that offense"].)  And the record contains no express declaration by the court as to whether the wobbler offense charged was a felony or a misdemeanor.  Furthermore, there is nothing we may glean from the record that indicates the court was aware of its discretion to make a determination that the charged offense was either a misdemeanor or felony.  Thus, this is not an instance in which remand would be "redundant" because "the

Rules of Court, rule 5.780(e)(5) [if juvenile court finds allegations of petition true, it "must make findings on . . . [¶] . . .[¶] . . . the degree of the offense and whether it would be a misdemeanor or a felony had the offense been committed by an adult"].)

record . . . show[s] that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*In re Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)

Accordingly, we will reverse the order with instructions that the juvenile court, in compliance with Welfare and Institutions Code section 702, declare whether the offense admitted to by the minor is a felony or a misdemeanor.

III.    *Probation (Gang) Condition*

A.    *Applicable Law*

A juvenile court is empowered to impose upon a ward placed on probation "any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "The juvenile court has wide discretion to select appropriate conditions and may impose ' "any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' " ' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) This discretion is in fact broader with respect to the imposition of probation conditions for juveniles than it is for adult offenders. (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1152; see also *Sheena K.*, at p. 889 [probation condition that may be unconstitutional for adult offender may be permissible for minor under juvenile court's supervision].)

Both adult offenders and juveniles may challenge a probation condition on the grounds that it is unconstitutionally vague or overly broad. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 887.) As we have explained: "Although the two objections are often mentioned in the same breath, they are conceptually quite distinct. A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' [Citation.] A restriction failing this test does not give adequate notice—"fair

warning"—of the conduct proscribed.  [Citations.]  A restriction is unconstitutionally overbroad, on the other hand, if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'  [Citations.]  The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153; see also *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.)

Any objection to the reasonableness of a probation condition is forfeited if not raised at the time of imposition.  (See *In re Justin S.* (2001) 93 Cal.App.4th 811, 814; see also *Sheena K.*, *supra*, 40 Cal.4th at p. 883, fn. 4; *People v. Welch* (1993) 5 Cal.4th 228, 237.)  Constitutional challenges to probation conditions on their face, however, may be raised on appeal without objection in the court below.  (*Sheena K.*, at pp. 887-889.)

B.     *Gang Condition*

The minor challenges a probation condition imposed by the court prohibiting gang activity.  That condition, number 17, reads:  "That said minor not participate in any gang activity and not visit or remain in any specific location known to him to be, or that the Probation Officer informs him to be, an area of gang-related activity."  The minor challenges the first clause of this condition, claiming that it is unconstitutional in that it "does not meet the notice required by the due process clauses of the California and federal constitutions."  He asserts that "the probation condition must be modified to include a knowledge requirement so that in order to be found out of compliance with the term of probation, [the minor] knows that the activity he is engaged in is 'gang activity.' "

The minor did not raise this challenge below. But because his claim is that the probation condition is unconstitutional, it is cognizable on appeal. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.)

The Attorney General concedes the probation condition is overly broad and that it "should be modified to include a knowledge requirement." We accept this concession.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.]" (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) As we have observed, "[I]n a variety of contexts . . ., California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843.) Thus, probation conditions that fail to include language requiring the probationer's knowing violation of the condition have been invalidated in the context of prohibitions on association with felons, ex-felons, or narcotics dealers or users (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102); association with gang members (*People v. Lopez* (1998) 66 Cal.App.4th 615, 628); association with probationers, parolees, or gang members (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1071); association with persons under 18 (*People v. Turner* (2007) 155 Cal.App.4th 1432, 1437); frequenting areas of gang-related activity (*People v. Leon* (2010) 181 Cal.App.4th 943, 952); presence near school grounds during school hours (*People v. Barajas* (2011) 198 Cal.App.4th 748, 760-763 [condition prohibiting presence adjacent to school grounds during school hours modified to prohibit being knowingly present within 50 feet of school during school hours]); possessing stolen property, or possessing firearms or ammunition (*People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752); and possessing, wearing or displaying gang-affiliated material (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 245, 247-248).

Here, the probation condition prohibiting defendant from "not participat[ing] in any gang activity" is vague and overly broad because it does not include a scienter element. (See, e.g., *People v. Leon*, *supra*, 181 Cal.App.4th at p. 950 [probation condition prohibiting association with gang members ordered modified to prohibit " 'association with any person whom you know, or whom the probation officer informs you, is a gang member' "]; *People v. Lopez*, *supra*, 66 Cal.App.4th at pp. 622, 628-629 [probation condition prohibiting defendant from becoming involved in "gang activities," associating with "gang members" and wearing, possessing or displaying "gang insignia" was both overbroad and void for vagueness].) We will therefore order the probation condition modified to include a specific knowledge requirement. (*Sheena K.*, *supra*, 40 Cal.4th at p. 892 ["modification to impose an explicit knowledge requirement is necessary to render [a probation] condition constitutional"].) The first clause of the challenged probation condition shall be modified to read (with the modifications italicized): "That said minor not *knowingly* participate in any gang activity . . ."

III.     *Probation (Attorney Fees Reimbursement) Condition*

As a condition of probation, the court ordered that the Public Defender's Office be reimbursed the sum of $300. This was based upon the representation of minor's counsel that there had been eight court appearances of substance made on the minor's behalf. There is no indication in either the reporter's transcript or the court order as to whether the minor was ordered personally responsible for these attorney fees. But it is stated in the order generally: "The minor and his parents are jointly and severally responsible for the payment of fines, penalty assessments, and/or restitution, as ordered by the Court."

The minor challenges the probation order to the extent it may be construed as making him personally responsible for the attorney fees. He argues that "(1) the court lacks authority to charge attorney fees to Alejandro; (2) there was insufficient evidence of Alejandro's ability to pay the fees; and (3) assessing the fees on a minor as a condition of probation would violate the equal protection clause of the state and federal constitutions."

The Attorney General concedes that the probation order, to the extent it purports to impose personal liability upon the minor for reimbursement of attorney fees, is unauthorized by law. She agrees that "[t]he juvenile court should clarify that [the minor] is not personally liable for the attorney[] fee[s], and should modify the dispositional order as authorized by [Welfare & Institutions Code] section 903.1." We accept this concession.

Under Welfare and Institutions Code section 903.1, subdivision (a), "[t]he father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor, shall be liable for the cost to the county or the court, whichever entity incurred the expenses, of legal services rendered to the minor by an attorney pursuant to an order of the juvenile court." The statute makes no provision for imposing personal liability on the minor for the attorney fees incurred in representing him or her in the juvenile proceeding. And our high court has explained that Welfare and Institutions Code section 903.1 "is merely declarative of the parents' preexisting obligation to provide reasonable and necessary support to their minor children, and to reimburse third persons providing that support upon the parents' failure to do so. [Citation.]" (*In re Ricky H.* (1970) 2 Cal.3d 513, 521.) Moreover, the imposition of attorney fees as a condition of probation is prohibited in both adult criminal cases and in juvenile delinquency proceedings. (*People v. Faatiliga* (1992) 10 Cal.App.4th 1276, 1280, disapproved on other grounds in *People v. Flores* (2003) 30 Cal.4th 1059, 1068; *In re Elizabeth S.* (1982) 138 Cal.App.3d 450, 454.)

Based upon the foregoing, we conclude that to the extent the probation order may be construed as imposing personal liability on the minor for reimbursement of attorney fees, it is unauthorized under the law. Accordingly, we will upon remand direct the court

to modify its order to clarify that the minor is not personally responsible for reimbursement of attorney fees incurred in the proceedings.[7]

## DISPOSITION

The dispositional order is reversed, and the matter is remanded with instructions that the court (1) in compliance with Welfare and Institutions Code section 702, declare whether the offense admitted to by the minor is a felony or a misdemeanor; (2) in the new order, revise the gang condition as provided in condition 17 so the first clause will read "That said minor not knowingly participate in any gang activity . . ."; and (3) clarify in the new order that the minor is not personally responsible for reimbursement of his attorney fees.

---

[7] The minor did not raise this challenge below. But because imposition of personal liability for attorney fees was unauthorized under the law, it is cognizable on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [appellate court may take action on its own motion to correct (an unauthorized sentence), even where the parties have failed to raise the issue]; see also *People v. Anderson* (2010) 50 Cal.4th 19, 26 [challenge to probation condition based upon assertion that restitution was not authorized by law was cognizable, even though not raised before trial court].)

_____
                                   Márquez, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
Grover, J.