Filed 9/30/16  P. v. Nelson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068628 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD260316) |
| AARON THEODORE NELSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed.

Law Office of Johanna S. Schiavoni and Johanna S. Schiavoni, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Peter Quon, Jr. and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Aaron Theodore Nelson of one count of unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a).  The court

dismissed a second count of buying, receiving, concealing, selling or withholding a stolen vehicle (Pen. Code, § 496d). During Nelson's sentencing hearing, the court denied Nelson's request to reduce his offense to a misdemeanor. It placed him on three years of felony probation that would convert to felony summary probation upon 18 months of successful completion, ordered that he serve 61 days in custody, and imposed other probation terms and conditions.

On appeal, Nelson contends the court abused its discretion in declining to reduce his felony offense to a misdemeanor under Penal Code section 17, subdivision (b). We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In the early evening on December 28, 2014, Katrina Diwa drove to Eddie Sriaphon's house in Panorama City to drop off a gift. She stopped her car in the driveway and left the engine running while she walked about five feet away to Sriaphon, who was in his garage. Because it was December, it was "a bit" dark outside. While Diwa was facing Sriaphon, he alerted her to a nearby person and they both saw a tall, skinny man, whom Sriaphon later identified as Nelson, drop his bicycle, get into Diwa's car and drive away. Nelson was wearing a surgical face mask. Sriaphon chased after the car, which was initially headed toward a dead end. Nelson then pulled the car back out and drove right at Sriaphon, who was screaming, "What the hell do you think you're doing?" According to Sriaphon, Nelson "[took] right off, . . . kept ongoing, . . . like I wasn't even there."

2

The next day, San Diego Police Officer Justin Hudnall responded to a radio call regarding a possible stolen vehicle. When Officer Hudnall arrived, the car's engine and headlights were on and Nelson was inside sitting in the driver's seat. The officer called for backup and he and the other officer conducted a "hot stop" by instructing Nelson to leave the car at gunpoint, after which they took him into custody. On searching the vehicle, which was registered to Diwa, officers found tennis shoes and a surgical or dust mask. Officer Hudnall asked Nelson for identification, but Nelson had none and he refused to give the officer his name. He took Nelson to the station, where it took about two hours to identify him. When Officer Hudnall told Nelson that his fingerprints identified him as Aaron Nelson, Nelson refused to acknowledge his identity.[1] The officer, however, stated that Nelson was "polite" in his interactions with police.

Following his conviction and before his sentencing hearing, Nelson filed a statement in mitigation seeking to reduce his crime to a misdemeanor based on the "overall equities of the situation" and requesting that the court grant him probation. He argued his crime was "slight in comparison to violent and drug charges" and asserted he was capable of becoming a productive citizen in society. Nelson asked the court to give him the benefit of several mitigating factors, including that he was unsophisticated and did not use a weapon, the victim was not particularly vulnerable, he did not inflict bodily injury, he did not harm anyone and did not intend to harm any individual during the

---

[1] The People refer to a transcript of Officer Hudnall's interview with Nelson at the station. But contrary to the People's representation, the trial exhibit list does not indicate the recording was received into evidence.

3

crime's commission, the victim's monetary loss was minimal, and he had a relatively insignificant criminal record in that he had suffered a misdemeanor hit and run in 2009.

At the outset of the sentencing hearing, the court addressed several issues with Nelson, including the fact that he declined to provide background information to the probation officer. The court observed that, as a consequence, it did not have complete information regarding Nelson's criminal, mental health or substance abuse history. Nelson provided some background information as to his employment and education efforts, and the court proceeded to question him concerning his schooling, ties to San Diego, and history of drug and alcohol abuse, the latter which Nelson denied. In response to questioning, Nelson advised the court that he had a 2009 misdemeanor conviction for hit and run in North Carolina for which he was granted one year of unsupervised probation and he had received individual psychotherapy in connection with his parents' divorce, which continued even after his present offense. Nelson denied having a mental health diagnosis or any medical issues that would get in the way of probation. When asked to provide a reason why he had a medical mask in his possession when he was arrested, he told the court that he did not understand its question, and then denied having any respiratory illness when asked whether it had to do with any medical treatment or medical condition. The People asked the court to leave the offense a felony based on the evidence, but agreed with the recommendation for probation, as Nelson, who had represented himself at trial, had been professional and courteous during their dealings and had an opportunity to return to North Carolina. Nelson's counsel asked the court to reduce the offense to give Nelson better career opportunities. Counsel sought

4

summary probation for Nelson and permission for him to reside in North Carolina. Nelson advised the court that he had begun the process of enlisting in the Marine Corps, and likewise asked for permission to move back to North Carolina, where he claimed he had family support.

The trial court declined to reduce Nelson's charge to a misdemeanor. It found the offense was serious and that a reduction was unwarranted based on the trial evidence. It placed Nelson on probation as indicated above, observing he was young, amenable to probation, and capable of turning his life around with family support. Nelson appeals from the judgment.

DISCUSSION

I. *Legal Principles and Standard of Review*

Vehicle Code section 10851 (vehicle theft) is a "wobbler," which means a violation of its provisions may be punished either as a misdemeanor or as a felony. (Veh. Code, § 10851, subd. (a); Pen. Code, § 17, subds. (a) & (b); see *People v. Park* (2013) 56 Cal.4th 782, 789; *In re Nancy C.* (2005) 133 Cal.App.4th 508, 510.)

Where a wobbler offense has been charged as felony, Penal Code section 17, subdivision (b) vests the trial court with discretion to reduce the offense from a felony to a misdemeanor. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977 (*Alvarez*), superseded by statute on other grounds as indicated in *People v. Lynall* (2015) 233 Cal.App.4th 1102; *People v. Tran* (2015) 242 Cal.App.4th 877, 887.) "[A]ny exercise of that authority must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration."

(*Alvarez*, at pp. 981-982.)  "[S]ince all discretionary authority is contextual, those factors that direct similar sentencing decisions are relevant, including 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.]  When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4].410."[2]  (*Alvarez*, at p. 978, fn. omitted; see also *Tran*, at pp. 887-888.)

The trial court's ruling on a motion to reduce an offense to a misdemeanor is reviewed for an abuse of discretion.  This is an "extremely deferential and restrained standard" of review.  (*Alvarez*, *supra*, 14 Cal.4th at p. 981.)  " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' "  (*Id.* at pp. 977-978.)

---

[2]     California Rules of Court, rule 4.410, subdivision (a) provides that the general objectives of sentencing include:  "(1) Protecting society;  [¶]  (2) Punishing the defendant;  [¶]  (3) Encouraging the defendant to lead a law-abiding life in the future and deterring him or her from future offenses;  [¶]  (4) Deterring others from criminal conduct by demonstrating its consequences;  [¶]  (5) Preventing the defendant from committing new crimes by isolating him or her for the period of incarceration;  [¶]  (6) Securing restitution for the victims of crime; and  [¶]  (7) Achieving uniformity in sentencing."

II. *Analysis*

Nelson contends the trial court abused its discretion in declining to reduce his offense from a felony to a misdemeanor. He maintains the court refused to consider all of the relevant factors, including his "lack of criminal history, the absence of any violence or personal harm to any victim, and the significant adverse consequences to Nelson's life going forward resulting from a felony conviction for this relatively minor offense." Nelson complains that the court's finding on the matter was "generic" and unsupported by the trial evidence because the offense was assertedly committed without any threat of or any actual violence or bodily injury, there was a lack of planning, premeditation or sophistication, and he exhibited cooperation with law enforcement during his arrest and booking. Nelson claims he expressed remorse for his offense.

Nelson has not demonstrated that the trial court's decision was irrational or arbitrary such that it constitutes a manifest abuse of discretion. There is no indication or suggestion that the court took its actions as a result of Nelson's self-representation, as Nelson suggests. To the contrary, the record affirmatively shows that the court had read the probation officer's report as well as Nelson's statement in mitigation, and it made its decision after extensively questioning Nelson concerning his particular circumstances. The court was well aware of the nature of Nelson's offense from the trial evidence, which showed Nelson took the opportunity to steal a waiting vehicle and engaged in the highly dangerous action of driving directly at Sriaphon while escaping in it, posing a threat of great bodily harm. (See Cal. Rules of Court, rule 4.421(a)(1).) The court was entitled to

conclude that Nelson's use of a disguise, a mask, was a sign of sophistication and planning or premeditation. (See Cal. Rules of Court, rule 4.421(a)(8).) It was also entitled to conclude that Nelson's refusal to confirm his identity to police constituted a lack of cooperation. Nelson did not concede the seriousness of his crime, and contrary to Nelson's representation, the record does not show he expressed remorse for it.

That the trial court did not mention all of the factors discussed by Nelson in his appellate briefing does not establish an abuse of discretion because the court is presumed to have considered all relevant factors, as well as the correct statutory and case law, unless the record affirmatively shows otherwise. (Evid. Code, § 664; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456; see also *People v. Diaz* (1992) 3 Cal.4th 495, 567; *People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 836-837.) The court's individualized consideration of all of the circumstances is demonstrated by its careful questioning of Nelson during the sentencing hearing, as well as its consideration of the probation reports, the statements in mitigation and arguments of counsel. The trial court ultimately decided to grant Nelson probation, and its decision not to extend further lenity by reducing the wobbler to a misdemeanor fell well within its broad sentencing discretion. We cannot say its decision was irrational or arbitrary, and accordingly we uphold its ruling as a proper exercise of judicial discretion.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

NARES, Acting P. J.

HALLER, J.

9