Filed 7/14/22  In re B.V. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| In re B.V., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E077119 |
| Plaintiff and Respondent, | (Super. Ct. No. RIJ113801) |
| v. | OPINION |
| B.V., | |
| Defendant and Respondent. | |
| In re B.V., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E077119 |
| Plaintiff and Respondent, | (Super. Ct. No. SWJ2000339) |
| v. | |
| J.L. et al., | |
| Defendants and Respondents; | |
| B.V., | |
| Appellant. | |

1

APPEAL from the Superior Court of Riverside County. Mark Petersen, Judge. Remand with directions.

Paul R. Kraus, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Acting Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

No appearance for Plaintiff and Respondent, Riverside County Department of Public Social Services.

## I.

## INTRODUCTION

B.V. (Minor) took and drove her grandmother's vehicle without permission. About two weeks later, Minor again took and drove the vehicle without permission. She was charged with two misdemeanors for the first incident and two felonies for the second incident. As part of a stipulation, Minor admitted that one of the offenses from the first incident was a misdemeanor and one of the offenses from the second incident was a felony. The juvenile court accepted Minor's concession and deferred entry of judgment for one year. The juvenile court later lifted the deferral, adjudged Minor a ward of the court, and ordered her to the maximum confinement period of three years, four months.

Minor argues, among other things, that the matter must be remanded because it is unclear from the record whether the trial court exercised its discretion under Welfare and

2

Institutions Code section 702 (section 702) to treat Minor's offense from the second incident as a felony instead of a misdemeanor. We agree and remand the matter with directions.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Minor was removed from her parents' care and placed with her grandmother. On July 2, 2020, Minor snuck out of her grandmother's house around 2:00 a.m. and stole her car. Minor was apprehended the next day while driving the vehicle. Minor's uncle, the car's registered owner, wanted Minor prosecuted.

On July 16, 2020, Minor again snuck out of her house in the middle of the night and stole her grandmother's car. The police apprehended Minor after she drove the car into a tree. Minor was removed from her grandmother's care shortly afterward.

On August 7, 2020, the People filed a first amended juvenile wardship petition (Welf. & Inst. Code, § 602), each with two allegations that Minor committed vehicle theft (Veh. Code, § 10851, subd. (a); paragraphs 1 (felony) and 3 (misdemeanor)), and possessed a stolen vehicle (Pen. Code, § 496d, subd. (a); paragraphs 2 (felony) and 4 (misdemeanor)). The misdemeanor allegations arose from the July 2 incident while the felony allegations arose from the July 16 incident.

At a hearing on December 7, 2020, the parties told the juvenile court they had reached an agreement to stipulate to probation and deferred entry of judgment on the recommendation of the Riverside County Department of Social Services (DPSS) and the

3

Juvenile Probation Department. The parties also reported that Minor would admit the allegations in paragraphs 1 and 3 of the petition in exchange for dismissing paragraphs 2 and 4. Minor then admitted that paragraphs 1 and 3 were true as alleged (respectively, a felony and misdemeanor charge under Vehicle Code section 10851, subdivision (a)). The juvenile court "accept[ed]" her admissions and found the allegations in paragraphs 1 and 3 to be true. The juvenile court advised Minor that the maximum period of confinement would be three years and four months, deferred the entry of judgment for one year, and placed Minor on probation.

About three months later, however, DPSS and Probation filed a joint report explaining that Minor was caught with a cell phone at her group home in violation of the home's policies and had sent sexually explicit videos to unknown persons. Two weeks later, Minor fled the group home with another resident. DPSS and Probation recommended that the juvenile court lift the deferred entry of judgment, proceed to disposition, and declare Minor a ward of the juvenile court and a dual status youth under Welfare and Institutions Code section 241.1, subdivision (e).

The juvenile court revoked the deferred entry of judgment and set the matter for a contested dispositional hearing in May 2021. At the hearing, the juvenile court lifted the deferred entry of judgment, adjudged Minor a ward of the juvenile court and a dual status youth, and ordered her placed in a residential treatment program. Minor timely appealed.

III.

DISCUSSION

Minor contends (1) her maximum term of confinement of three years and four months should be reduced under recently-enacted Senate Bill No. 92; (2) the matter should be remanded because the juvenile court did not expressly state that it found paragraph 1, a "wobbler," to be a felony as opposed to a misdemeanor in violation of section 702; and (3) her counsel was ineffective for failing to argue that paragraph 1 should be reduced from a felony to a misdemeanor. Because we agree with Minor's second argument that the matter must be remanded, we need not address Minor's remaining arguments.

We agree with the parties that the vehicle theft offense in paragraph 1 is a wobbler that can be a misdemeanor or a felony. (Veh. Code, § 10851, subd. (a); *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 853 ["[b]y its terms, section 10851 is a 'wobbler' offense that may be punished as either a felony or misdemeanor"].) When, as here, "the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.) This "unambiguous" language creates an "obligatory" requirement that "mandates the juvenile court to declare the offense a felony or misdemeanor." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).)

This requirement serves two purposes.  It provides "a record from which the maximum term of physical confinement for an offense can be determined, particularly in the event of future adjudications." (*Manzy W.*, *supra*, 17 Cal.4th at p. 1205.)  It "also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its [statutory] discretion." (*Id*. at p. 1207.)  The juvenile court thus may make the declaration at the contested jurisdictional hearing or at the dispositional hearing.  (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)

When there is nothing in the record indicating that the juvenile court considered whether to deem the wobbler offense a felony or misdemeanor, we will not presume the juvenile court properly exercised its discretion under section 702.  (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)  "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Id*. at p. 1208.)

Generally, "remand [is] required where the juvenile court ha[s] failed to make an express declaration as to whether the offense was a felony or a misdemeanor" under section 702.  (*In re Cesar V.* (2011) 192 Cal.App.4th 989, 1000.)  However, "the record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler.  In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error. . . .  The key issue is whether the record as a whole establishes that the juvenile court was aware of

6

its discretion to treat the offense as a misdemeanor . . . ." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)

The People concede that the juvenile court did not comply with section 702. The People argue that remand is not required, however, because the record shows that the trial court knowingly exercised its discretion under section 702 and found paragraph 1 to be a felony instead of a misdemeanor. We disagree.

The juvenile court never "refer[red] to its discretion to declare the offense a misdemeanor" during the proceedings. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1210.) DPSS, Probation, the People, and Minor's counsel likewise did not "point out to the juvenile court that it had such discretion" at any time. (*Ibid.*) At the December 2020 hearing, the juvenile court only accepted Minor's admission to the allegations in paragraph 1 and found them true without any mention of its discretion to find that the offense was a misdemeanor. At the May 2021 disposition hearing, no one discussed the court's discretion under section 702.

The People argue that, because deferred entry of judgment requires a felony offense (Welf. & Inst. Code, § 790, subd. (a)), the trial court "implicitly found" that paragraph 1 should be treated as a felony in order to grant Minor deferred entry of judgment. We disagree.

"The crucial fact" here is that the juvenile court "did not state at any of the hearings that it found [the July 16 vehicle theft] to be a felony." (*In re Kenneth H.* (1983) 33 Cal.3d 616, 620.) The juvenile court simply accepted Minor's admission that she

7

committed a felony as alleged in paragraph 1 as a term of the parties' stipulation and found that the allegation was true. But the juvenile court could have done the same thing while unaware of its discretion to find that paragraph 1 was a misdemeanor. (See *id*. at pp. 619-620 [juvenile court's finding true a pleading allegation that offense is a felony does not show the court exercised its discretion under section 702]; see also *In re Nancy C.* (2005) 133 Cal.App.4th 508, 512 ["a minor's admission of a wobbler offense charged as a felony is not an 'adjudication' of the misdemeanor or felony status of that offense"].) The juvenile court likewise could have found paragraph 1 was a felony and that deferred entry of judgment was appropriate without knowing that it had the discretion to find the offense to be a misdemeanor.

In short, the juvenile court's accepting Minor's admission that paragraph 1 was a felony and finding that its underlying allegations were true does not mean that the court exercised its discretion under section 702 to treat the offense as a felony instead of a misdemeanor. (See *Manzy W.*, *supra*, 14 Cal.4th at p. 1207 [remanding for finding under section 702 even though petition deemed offense a felony and minor admitted the truth of the charge].) "Nothing in the record establishes that the juvenile court was aware of its discretion to sentence the offense as a misdemeanor rather than a felony." (*Id*. at p. 1210.) The record shows only that the juvenile court agreed that Minor's vehicle theft offense was a felony, as alleged in the petition and as admitted by Minor. But there is no indication in the record that the juvenile court considered deeming the offense a misdemeanor or that the court was even aware it had the discretion to do so. Instead, "'it

8

is entirely possible that the judge simply sentenced [Minor] as a felon without considering the possibility of sentencing [her] as a misdemeanant." (*Id*. at p. 1208.)

As a result, we must remand the case to the juvenile court for the court's to exercise its discretion to determine whether the court finds the vehicle theft offense to be a felony or a misdemeanor and, if appropriate, recalculate the maximum term of confinement. (*Manzy W.*, *supra*, 14 Cal.4th at pp. 1210-1211.) Because remand is mandatory, we need not address Minor's arguments that her term of confinement must be reduced under Senate Bill No. 92 or that her trial counsel was ineffective. Minor may raise these issues in the trial court on remand.

IV.

DISPOSITION

The matter is remanded to the juvenile court for an express declaration under section 702 as to whether paragraph 1 of the petition is a felony or a misdemeanor and, if necessary, to modify the maximum possible term of confinement.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

MILLER
J.

9